## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————————

| | |
|---|---|
| HERBERT WEISS, JOHN BENDOKAS, MARIA CACIA, DONALD CURRY, JOSEPH FORMAN, THEODORE KILKUSKIE, ALBERT NEIBERG, GEORGE RYMAR, JOSEPH SCHIRMER, and BRIAN ZUBATCH, | : : : : : : CIVIL ACTION : |
| Plaintiffs, | : : |
| v. | : NO. 2:11-cv-5336-EL : : |
| NOVA FINANCIAL HOLDINGS, INC., NOVA BANK, THE KEYSTONE EQUITIES GROUP, BALLAMOR CAPITAL MANAGEMENT, BARRY BEKKEDAM, BRIAN M. HARTLINE, and EDWARD J. DIMARCANTONIO, | : : ELECTRONICALLY FILED : : : : |
| Defendants. | : : |

———————————————————————————

| | |
|---|---|
| NOVA FINANCIAL HOLDINGS, INC., NOVA BANK, THE KEYSTONE EQUITIES GROUP, BRIAN M. HARTLINE, and EDWARD J. DIMARCANTONIO, | : : : : : |
| Third-Party Plaintiffs, | : : |
| v. | : : : |
| DELAWARE VALLEY FINANCIAL GROUP, MARC SMITH, THOMAS SCHIRMER and DEAN VAGNOZZI, | : : : : |
| Third-Party Defendants. | : |

———————————————————————————

**ANSWER WITH AFFIRMATIVE DEFENSES, THIRD-
PARTY CLAIM, COUNTERCLAIM AND CROSS-CLAIM OF DEFENDANTS
NOVA FINANCIAL HOLDINGS, INC., NOVA BANK, BRIAN M. HARTLINE,
EDWARD J. DIMARCANTONIO AND THE KEYSTONE EQUITIES GROUP**

Defendants, Nova Financial Holdings, Inc. ("Nova Financial"), Nova Bank, Brian M. Hartline ("Hartline"), Edward J. DiMarcantonio ("DiMarcantonio") and The Keystone Equities Group ("Keystone") (collectively, the "Nova Defendants"), by and through their attorneys, hereby file the following answer with affirmative defenses, third-party claim, counterclaim and cross-claim to the amended complaint of plaintiffs Herbert Weiss, John Bendokas, Maria Cacia, Donald Curry, Brighton Management Group, LLC, Theodore Kilkuskie, Albert Neiberg, George Rymar, Joseph Schirmer and D.W.M. Incorporated (collectively, the "Plaintiffs").

## PARTIES

1.      Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

2.      Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

3.      Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

4.      Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

5.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

6.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

7.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

8.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

9.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

10.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

11.     Admitted.

12.     Admitted.

13.     Admitted in part, denied in part.  It is admitted that Keystone is a Pennsylvania corporation.  The remaining allegations are denied.  To the contrary, Keystone is not registered with NASD but is registered with the SEC and is a member of FINRA.

14.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

15.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

16.     Admitted in part, denied in part.  It is admitted only that Hartline is an adult individual and the President and CEO of Nova Financial and Nova Bank, and serves as Chairman of Nova Bank's Board of Directors, residing at 36 Windward Court, Collegeville, PA 19426.  The remaining allegations are denied.  By way of further answer, the remaining allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

17.     Admitted in part, denied in part.  It is admitted that DiMarcantonio is an adult individual residing at 528 Arbordale Road, Wayne, Pa 19087.  The remaining allegations are denied.

## JURISDICTION AND VENUE

18.     Admitted.

19.     Admitted.

20.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

21.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

## PURPORTED FACTUAL ALLEGATIONS

22.    Admitted in part, denied in part.  It is admitted only that Nova Financial sought to raise capital through accredited investors from the sale of shares of Nova Financial's common stock in blocks of 5,000 shares at $11 per share.  The remaining allegations are denied.  By way of further answer, it is specifically denied that Nova Financial employed Keystone as the exclusive placement agent or that the sale of stock was pursuant to Rule 506 of Regulation D of the Securities Act of 1933.

23.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

24.    Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

25.    Denied.

26.    Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.  By way of further answer, it is specifically denied that Nova Financial took the Plaintiffs' funds from escrow without Plaintiffs' consent.

27.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

28.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, it is

5

specifically denied that the April 17, 2009 letter reconfirmed what Hartline and DiMarcantonio promised – that the Plaintiffs' funds would be held in escrow until the merger closed.

29.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

30.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

31.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

32.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

33.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

34.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

35.     Denied.  It is specifically denied that Hartline or DiMarcantonio, personally, directly or indirectly, solicited investors to purchase common stock in Nova Financial.  To the contrary, the principals of Delaware Valley Financial Group ("DVFG"), Thomas Schirmer

("Schirmer") and Marc Smith ("Smith"), solicited the Plaintiffs to invest in Nova Financial for the purposes of raising Nova Financial's capital status to complete a potential DVFG/Nova Financial merger.  The remaining allegations are denied.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

36.     Denied.  By way of further answer, it is specifically denied that Hartline or DiMarcantonio, personally, directly or indirectly, solicited investors to purchase common stock in Nova Financial.  By way of further answer, it is specifically denied that Hartline and DiMarcantonio acted in concert with defendant Barry Bekkedam ("Bekkedam") to give the Plaintiffs the impression that they collectively spoke for Nova Financial.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

37.     Denied.  To the contrary, Hartline met with the Plaintiffs several times to provide background information on Nova Financial.  It is specifically denied that Nova Financial, Hartline or DiMarcantonio told the investors on many occasions in 2008 and 2009 that Nova Financial wanted to use the $2.8 million of capital to be raised as part of the offering for the Nova Financial/DVFG merger.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

38.     Denied.  To the contrary, Hartline only met with the Plaintiffs several times to provide background information on Nova Financial.  It is specifically denied that Nova

Financial, Hartline or DiMarcantonio repeatedly told the investors on many occasions in 2008 and 2009 that Nova Financial wanted to use the $2.8 million of capital to be raised as part of the offering for the Nova Financial/DVFG merger.  It is further denied that Nova Financial, Hartline or DiMarcantonio told the Plaintiffs that their investments were contingent on the merger closing.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

39.     Denied.  To the contrary, it is denied that Nova Financial, Hartline or DiMarcantonio told the Plaintiffs prior to their execution of the subscription agreements that their investments were contingent on the merger closing.

40.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

41.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

42.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

43.     Admitted in part, denied in part.  It is admitted that in 2008 and 2009, the Plaintiffs executed a subscription agreement with Nova Financial and deposited the funds in an escrow account.  The remaining allegations are denied.  It is specifically denied that Hartline or DiMarcantonio made any representations to the Plaintiffs that their investments were contingent

upon the DVFG merger closing.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

44.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

45.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

46.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

47.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

48.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

49.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

50.     Denied.

51.     Admitted.

52.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

53.     Denied.

54.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

55.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

56.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

57.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

58.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

59.     Admitted in part, denied in part.  It is admitted that Nova Financial did not send a notice to Plaintiffs that the offering period was being extended.  It is denied that Nova Financial was required to send written notice to the Plaintiffs to extend the offering.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

64.     Denied.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of even further answer, the allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

65.     Denied.  It is denied that Nova Financial ever made any false representations to Plaintiffs regarding Nova Financial's intent to complete the merger.

66.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

67.     Denied. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

68.     Denied.  It is denied that the Nova Defendants made any false statements to Plaintiffs.

69.     Denied.

70.     Denied.  To the contrary, the Plaintiffs signed irrevocable subscription agreements that permitted Nova Financial to close on the offering.  By way of further answer, Plaintiffs

informed Schirmer, Smith and Dean Vagnozzi, DVFG's agent/broker, that they agreed to have their funds released from escrow.

71.     Denied.  To the contrary, Hartline and DiMarcantonio never represented to Plaintiffs that their funds would be returned if the Nova Financial/DVFG merger did not close.

72.     Denied.  It is denied that Plaintiffs made periodic inquiries to the Nova Defendants as to the status of the DVFG/Nova Financial merger.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

73.     Denied.  It is denied that the offering materials contain an ambiguity.  It is further denied that Nova Financial, through Hartline and DiMarcantonio, made any representations to the investors, including Plaintiffs, that the funds would be returned if the DVFG merger did not close.

74.     Denied.  To the contrary, Hartline and DiMarcantonio never met with the investors, including Plaintiffs, to reassure them that their money was safe in an interest-bearing escrow account pending the Nova Financial/DVFG merger.

75.     Denied.  The allegations of this paragraph are denied.  To the contrary, in early 2009, some of the investors requested that Nova Financial confirm that their money was still being held in an escrow account.  As a result, Hartline and Nova Financial drafted the April 17, 2009 letter to assure the investors that their money was safe in an escrow account.  By way of further answer, the allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

76.      Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

77.      Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

78.      Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

79.      Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

80.      Denied.  It is denied that the Nova Defendants made any oral assertions to Plaintiffs stating that Plaintiffs money would be returned and the subscription would not close if the DVFG merger did not close.  By way of further answer, the allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

81.      Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

82.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

83.     Admitted.

84.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

85.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.  It is specifically denied that Nova Financial was in desperate need of money.  It is further denied that Nova Financial had to eliminate any condition on the offering.

91.     Denied.  It is specifically denied that Hartline or DiMarcantonio attended the September 21, 2009 meeting. By way of further answer, no representative of Nova Financial attended the September 21, 2009 meeting and Nova Financial did not request a meeting with Plaintiffs.

92.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

93.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

94.     Admitted in part, denied in part.  It is admitted only that, as of September 21, 2009, Plaintiffs' funds were being held in escrow.  The remaining allegations are denied.  By way of further answer, Plaintiffs' subscriptions were irrevocable and Plaintiffs had no right to the return of their funds.

95.     Denied.  It is denied that DiMarcantonio attended the September 21, 2009 meeting.  By way of further answer, no representative of Nova Financial attended the meeting.

96.     Denied. It is denied that the Nova Defendants attended the September 21, 2009 meeting and made any fraudulent statements at the meeting.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

97.     Denied.  The allegations of this paragraph are denied.  By way of further response, the allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

98.     Denied. It is denied that the Nova Defendants made any statements in the September 24, 2009 letter.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

99.     Denied.

100.    Denied.

101.    Admitted in part, denied in part.  It is admitted that Nova Financial continued to receive subscriptions from investors after August 29, 2008.  The remaining allegations are denied.  By way of further response, the remaining allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the remaining allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

102.    Denied.  To the contrary, Nova Financial never represented that Bekkedam was a director or owner of Nova Financial or that he was acting at the direction of Nova Financial.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

103.    Denied.  It is specifically denied that Hartline had numerous meetings with potential investors.  To the contrary, Hartline only attended several meetings with potential investors where he made a presentation on Nova Financial and Nova Bank. It is further denied Hartline ever represented or affirmed Bekkedam's authority on behalf of Nova Financial.  By way of further response, the remaining allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the remaining allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

104.    Denied.  It is denied that the Nova Defendants ever made a representation to repurchase Plaintiffs' shares.

105.    Denied.

106.    Admitted.

107.    Denied.  It is specifically denied that DiMarcantonio engaged in any self-dealing.

108.     Admitted.

109.     Admitted.

110.     Admitted in part, denied in part.  It is admitted that the Plaintiffs were issued stock certificates.  The remaining allegations are denied.  It is specifically denied that Nova Financial did not accept any of the subscriptions.

111.     Denied.  It is denied that the Nova Defendants made any fraudulent misrepresentations.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

112.     Denied.  It is denied that Plaintiffs made inquiries to Nova Financial about why their funds were released from escrow without the Nova Financial/DVFG merger closing.

113.     Denied.

114.     Denied.  It is denied that Plaintiffs made inquiries and confronted Hartline about Bekkedam's promise to purchase back their shares.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

115.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

116.     Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

117.    Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

118.    Denied.  It is denied that Plaintiffs made repeated demands upon Nova Financial through Hartline to return their funds or repurchase their shares.

119.    Admitted in part, denied in part.  It is admitted that, in mid-2010, Nova was undercapitalized.  The remaining allegations are denied.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

120.    Admitted in part, denied in part.  It is admitted that Nova executed a Consent Order with the Federal Deposit Insurance Corporation on May 7, 2010, and entered into an agreement with the Federal Reserve Bank of Philadelphia on July 19, 2010.  The remaining allegations are denied.

121.    Denied.

**COUNT ONE**
**FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**
**Violations of Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5**
**[17 C.F.R. § 240.10b-5]**
**(Against Nova Financial, Hartline, DiMarcantonio, Ballamor and Bekkedam)**

122.    The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

123.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

124.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

125.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

126.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

**COUNT TWO**
**FRAUDULENT OR NEGLIGENT MISREPRESENTATION**
**(Against Nova Financial, Hartline, DiMarcantonio, Ballamor and Bekkedam)**

127.    The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

128.    Denied.  The allegations in this paragraph are denied.  To the contrary, the Nova Defendants made no misrepresentations or omissions to Plaintiffs in connection with the merger, offering, the Plaintiffs investments or the extension of the offering.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

129.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

130.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

131.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

132.    Denied.  It is denied that the Nova Defendants made any misrepresentations to Plaintiffs.

133.    Denied.  After reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

134.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

135.    Denied.  It is denied that the Nova Defendants made any misrepresentations to Plaintiffs.

136.    Denied.  It is denied that the Nova Defendants made any misrepresentations to the Plaintiffs, either before or after the Plaintiffs entered into the subscriptions.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

137.    Denied.  It is denied that Nova Financial made any false representations.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.

138.    Denied.  The allegations in this paragraph are denied.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

139.    Denied.  The allegations in this paragraph are denied.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

140.    Denied.  It is denied that the Nova Defendants made any misrepresentations to the Plaintiffs, either before or after the Plaintiffs entered into the subscriptions.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny them.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

141.    Denied.  It is denied that the Nova Defendants made any misrepresentations to the Plaintiffs, either before or after the Plaintiffs entered into the subscriptions.  By way of further answer, after reasonable investigation, the Nova Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph and, therefore, deny them.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

142.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

143.    Denied.  It is denied that the Nova Defendants made any misrepresentations to the Plaintiffs.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

144.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

### COUNT THREE
**Pennsylvania Securities Act of 1972 Part IV Section 1-401 Sales and Purchases**
**(Against Nova Financial, Hartline, DiMarcantonio, Ballamor and Bekkedam)**

145.    The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

146.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

147.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

148.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

149.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

150.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

151.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

## COUNT FOUR
### Control Person Liability Under Sec. 20(a) of the Exchange Act
### (Against Nova Financial and Ballamor)

152.     The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

153.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

154.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

155.    Denied.  It is specifically denied that Nova Financial had supervisory involvement in the day to day operations of Bekkedam.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

156.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

157.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.  By way of further response, it is specifically denied that Nova Financial made any misrepresentations, either individually or in concert with Hartline or DiMarcantonio.  It is further denied that Nova Financial was obligated return Plaintiffs' funds or that the offering was modified.

158.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

159.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

**COUNT FIVE**
**The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")**
**(Against Nova Financial, Keystone, Ballamor, Bekkedam, Hartline and DiMarcantonio)**

160.    The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

161.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

162.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

163.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

164.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

165.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

166.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

167.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

168.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

**COUNT SIX**
**The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")**
**(Against Nova Financial and Keystone)**

169.    The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

170.    Admitted in part, denied in part.  It is admitted that, in connection with the offering, Nova Financial entered into a subscription agreement with each plaintiff.  The remaining allegations are denied.  It is specifically denied that Keystone entered into a subscription agreement with each plaintiff.

171.    Denied.

172.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

173.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

174.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

175.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

176.     Admitted in part, denied in part.  It is admitted that Nova Financial did not send a notice to Plaintiffs that the offering period was being extended.  It is denied that Nova Financial was required to send written notice to the Plaintiffs to extend the offering.

177.     Denied.  It is denied that Nova Financial was required to send written notice to the Plaintiffs to extend the offering.

178.     Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

179.     Admitted in part, denied in part.  It is admitted that Keystone did not return the funds held in escrow back to Plaintiffs.  The remaining allegations are denied.  The remaining allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the remaining allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.  By way of further answer, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

180.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

181.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

182.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

**COUNT SEVEN**
**UNJUST ENRICHMENT**
**(Against Nova Bank)**

183.    The Nova Defendants incorporate their answers to the allegations set forth above as if fully set forth herein.

184.    Denied.  It is denied that Plaintiffs invested in Nova Financial on the express condition that the Nova Financial/DVFG merger be completed.

185.    Denied.

186.    Denied.  The allegations of this paragraph refer to a writing, which should be reviewed for its content.  To the extent that the allegations mischaracterize the content of that writing, the Nova Defendants deny those mischaracterizations.

187.    Admitted in part, denied in part.  It is admitted only that the Plaintiffs are shareholders of Nova Financial. The remaining allegations are denied.

188.    Admitted in part, denied in part.  It is admitted that Nova Financial gained access to Plaintiffs' funds.  The remaining allegations are denied.

189.    Denied.

190.    Denied.

191.    Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required.

28

192.     No response is necessary.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M.
Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that
judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint
and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and
proper.

**COUNT EIGHT**
**CIVIL CONSPIRACY**
**(Against All Defendants)**

193.     The Nova Defendants incorporate their answers to the allegations set forth above
as if fully set forth herein.

194.     Denied.  The allegations in this paragraph constitute conclusions of law to which
no responsive pleading is required.

195.     Denied.  The allegations in this paragraph constitute conclusions of law to which
no responsive pleading is required.

196.     Denied.  The allegations in this paragraph constitute conclusions of law to which
no responsive pleading is required.

197.     Denied.  The allegations in this paragraph constitute conclusions of law to which
no responsive pleading is required.

WHEREFORE, defendants Nova Financial Holdings, Inc., Nova Bank, Brian M.
Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that
judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint
and that they be awarded attorneys' fees, costs and such further relief as the Court deems just and
proper.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the terms and conditions of the applicable Private Placement Memorandum and Subscription Agreements entered into between Plaintiffs and Nova Financial.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by Plaintiffs' unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' have improperly joined the Nova Defendants with the other defendants in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead fraud with the requisite particularity.

## EIGHTH AFFIRMATIVE DEFENSE

No act or omission of the Nova Defendants caused Plaintiffs to suffer any damages.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs suffered any damages, the same being specifically denied, those damages were caused by persons and/or entities over whom the Nova Defendants had no control or duty to control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the doctrines of ratification and/or acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the negligence of Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs suffered any damages, which the Nova Defendants deny, Plaintiffs failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, because, at all times material, Nova Defendants' actions were reasonable and consistent with the applicable securities laws and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the actions or inactions of Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the economic loss doctrine and/or the gist of the action doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

At no time did the Nova Defendants engage in any conduct deemed to be unlawful under the UTPCPL.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by setoff or recoupment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by a lack of causation.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by a lack of scienter.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claim for violations of the UTPCPL is barred because Hartline, DiMarcantonio and Nova Financial are not brokers.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, because the alleged misrepresentations are forward looking statements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint is barred, in whole or in part, by the parol evidence rule.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Nova Defendants incorporate the affirmative defenses asserted by the other defendants to the extent that they would otherwise be applicable to the claims against the Nova Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Nova Defendants reserve the right to supplement these affirmative defenses.

## THIRD-PARTY COMPLAINT OF NOVA FINANCIAL HOLDINGS, INC., NOVA BANK, BRIAN M. HARTLINE, EDWARD J. DIMARCANTONIO AND THE KEYSTONE EQUITIES GROUP AGAINST THIRD-PARTIES DELAWARE VALLEY FINANCIAL GROUP, DEAN VAGNOZZI, THOMAS SCHIRMER AND MARC SMITH

## INTRODUCTION

1.      Defendants/third-party plaintiffs Nova Financial Holdings, Inc. ("Nova Financial"), Nova Bank, Brian M. Hartline ("Hartline"), Edward J. DiMarcantonio ("DiMarcantonio") and The Keystone Equities Group ("Keystone") (collectively, the "Nova third-party plaintiffs"), by and through their attorneys, and pursuant to Federal Rules of Civil Procedure 19 and 20, hereby assert the following third-party claims against third-party defendants Delaware Valley Financial Group ("DVFG"), Thomas Schirmer ("Schirmer"), Dean Vagnozzi ("Vagnozzi"), Marc Smith ("Smith") (collectively, "Third-Party Defendants") for fraudulent misrepresentation, negligent misrepresentation and contribution and/or indemnification.

## PARTIES

2.      Third-party plaintiff Nova Financial is a Pennsylvania corporation and a registered bank holding company, having its principal place of business at 1235 Westlakes Drive, Suite 420, Berwyn, PA 19321.

3.      Third-party plaintiff Nova Bank is a Pennsylvania state chartered bank, with its principal place of business at 1235 Westlakes Drive, Suite 420, Berwyn, PA 19321.

4.      Third-party plaintiff Keystone is a Pennsylvania corporation, having its principal place of business at 1003 B Egypt Road, Oaks, PA 19456-1155.

5.      Third-party plaintiff Hartline is an adult individual and the President and CEO of

33

Nova Financial, residing at 36 Windward Court, Collegeville, PA 19426.

6.     Third-party plaintiff DiMarcantonio is an adult individual and the Chairman of the Board of Directors of Nova Financial, residing at 528 Arbordale Road, Wayne, PA 19087.

7.     Third-party defendant DVFG is a registered investment firm and broker-dealer that provides financial planning services, premium financing, insurance and business solutions to its clients, having a principal place of business at 1021 W. 8th Avenue, King of Prussia, PA 19406.

8.     Third-party defendant Smith is an adult individual and the President and CEO of DVFG, residing at 1483 Welsh Road, Huntingdon Valley, Pennsylvania 19006.

9.     Third-party defendant Schirmer is an adult individual and the Chairman of DVFG, residing at 1219 Denbign Lane, Radnor, Pennsylvania 19087.

10.     Third-party defendant Vagnozzi is an adult individual residing at 114 Ithan Lane, Collegeville, PA 19426 and is an agent/broker of DVFG.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the third-party claims in accordance with this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.     Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because the Third-Party Defendants reside within this district.

## FACTS

**I.     Background**

13.     Nova third-party plaintiffs incorporate the averments in the preceding paragraphs of this answer and affirmative defenses.

14.     DVFG is a registered investment firm and broker-dealer that provides financial planning services, premium financing, insurance and business solutions to its clients.

15.     In 2007, Hartline was introduced to the principals of DVFG, Schirmer and Smith.

16.     In late 2007, Schirmer and Smith approached Hartline about a potential merger of Nova Financial and DVFG.

17.     Schirmer and Smith convinced Hartline that a merger between DVFG and Nova Financial would benefit DVFG, Nova Financial and its investors.

18.     To raise capital for the proposed merger, in 2008, Nova Financial issued shares of Nova Financial's common stock in blocks of 5,000 shares pursuant to Rule 501 of Regulation D of the Securities Act of 1933.

19.     The offering materials, including the Private Placement Memorandum and subscription agreement, provided that the investor funds would be placed in an escrow account until Nova Financial accepted the subscriptions.

20.     The subscription agreement also stated that the investments were irrevocable.

21.     Schirmer and Smith also introduced Hartline and Nova Financial to Vagnozzi.

**II.     <u>Vagnozzi, Smith and Schirmer Solicit Investors</u>**

22.     In an effort to ensure completion of the merger, Schirmer and Smith, on behalf of DVFG, solicited several DVFG investors and referred them to Nova Financial for purchase of Nova Financial's common stock.

23.     Vagnozzi also solicited his clients to invest in Nova Financial.

24.     Hartline attended several meetings at DVFG's offices on behalf of Nova Financial to provide the potential investors background information on Nova Financial.

25.     In the fall of 2008 and throughout 2009, Schirmer and Smith successfully referred all of the plaintiffs in this action to Nova Financial: Herbert Weiss, John Bendokas, Maria Cacia,

Donald Curry, Brighton Management Group, LLC, Theodore Kilkuskie, Albert Neiberg, George

Rymar, Joseph Schirmer and D.W.M. Incorporated (collectively, the "Plaintiffs").

26.     Each of the plaintiffs signed an irrevocable subscription agreement and purchased

shares in Nova Financial.

**III.     Misrepresentations of Vagnozzi, Schirmer and Smith**

27.     Schirmer and Smith believed that they would receive a significant windfall if the

Nova Financial/DVFG merger closed.

28.     As a result, Schirmer and Smith, both individually and on behalf of DVFG,

aggressively solicited Plaintiffs into investing in Nova Financial so that Nova Financial could

raise its capitalization status and complete the merger.

29.     In July 2009, Schirmer and Smith terminated the negotiations over the

DVFG/Nova Financial merger because Nova Financial did not receive regulatory approvals.

30.     As of July 2009, Nova Financial had not accepted any of Plaintiffs' subscriptions.

31.     Schirmer and Smith wanted Nova Financial and DVFG to continue discussions

about a possible merger, even after the initial talks failed.

32.     On September 21, 2009, Schirmer, Smith, Vagnozzi and defendant Barry

Bekkedam ("Bekkedam") met with the investors referred to Nova Financial by Vagnozzi,

Schirmer and Smith, including Plaintiffs.

33.     While the Nova third-party plaintiffs deny that any false representations were

made to Plaintiffs, if any false representations were made to Plaintiffs, they were made at the

September 21, 2009 meeting where Schirmer, Smith and Vagnozzi, in conjunction with

Bekkedam, falsely represented to the investors, including Plaintiffs, that Nova Financial would

repurchase Plaintiffs' shares in the event that the merger did not close by March 31, 2010.

34.    These representations were made without Nova Financial's knowledge, approval or consent.

35.    After the September 21, 2009 meeting, Smith and Vagnozzi informed Hartline that Plaintiffs wanted their investments released from escrow.

36.    Neither Schirmer, Smith, Vagnozzi or Bekkedam informed Hartline, DiMarcantonio or any representative of Nova Financial that they had promised Plaintiffs that Nova Financial would repurchase their shares if the DVFG/Nova Financial merger did not close by March 31, 2010.

37.    In late September and October 2009, Hartline, on behalf of Nova Financial and, in reliance of the representations of Smith and Vagnozzi, accepted the subscriptions signed by Plaintiffs and Plaintiffs' investments were released from escrow.

38.    In November 2009, Nova Financial issued Plaintiffs their stock certificates.

39.    The DVFG/Nova Financial merger never closed.

40.    The Plaintiffs initiated this action against the Nova third-party plaintiffs for, among other things, securities fraud, unjust enrichment, breach of contract, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

## COUNT I – FRAUDULENT MISREPRESENTATION
## Nova Financial v. Third-Party Defendants

41.    The Nova third-party plaintiffs incorporate the allegations set forth above as if fully set forth herein.

42.    While the Nova third-party plaintiffs deny that any false representations were made to Plaintiffs, if any false representations were made to Plaintiffs, they were made at the September 21, 2009 meeting where Schirmer, Smith and Vagnozzi, in conjunction with Bekkedam, fraudulently represented to the investors, including Plaintiffs, that if they agreed to

release their funds from escrow, Nova Financial would repurchase the shares if the DVFG/Nova Financial merger did not close by March 31, 2010.

43. The September 21, 2009 meeting occurred without Nova Financial's knowledge, approval or consent.

44. After the meeting, Smith, both individually and on behalf of DVFG, and in conjunction with Vagnozzi, informed Hartline that the Plaintiffs consented to their money being released from escrow but did not inform Nova Financial, Hartline or DiMarcantonio of the alleged promise made on behalf of Nova Financial to repurchase the shares if the DVFG/Nova Financial merger did not close by March 31, 2010.

45. Vagnozzi's, Schirmer's and Smith's misrepresentation by omission was material to Nova Financial releasing the funds because Nova Financial would not have done so if Nova Financial had known of Vagnozzi's, Schirmer's and Smith's representations.

46. Vagnozzi, Schirmer and Smith intentionally and/or recklessly failed to disclose the fact that Schirmer, Smith, Vagnozzi and Bekkedam promised Plaintiffs that Nova Financial would repurchase the shares if the DVFG/Nova Financial merger did not close by March 31, 2010.

47. Nova Financial relied upon Vagnozzi's, Schirmer's and Smith's misrepresentation by omission when it accepted the subscriptions and released the Plaintiffs' money from escrow.

48. Nova Financial reasonably relied upon Vagnozzi's, Schirmer's and Smith's misrepresentation by omission.

49.     Nova Financial has suffered damages as a result of Vagnozzi's, Schirmer's and Smith's misrepresentation by omission, which include, among other things, defending Plaintiffs' claims.

WHEREFORE, third-party plaintiff Nova Financial Holdings, Inc. respectfully requests that judgment be entered in its favor and against third-party defendants Dean Vagnozzi, Thomas Schirmer, Marc Smith and Delaware Valley Financial Group, together with interest, costs of suit and such further relief as the Court deems just and proper.

## COUNT II – NEGLIGENT MISREPRESENTATION

### Nova Financial v. Third-Party Defendants

50.     The Nova third-party plaintiffs incorporate the allegations set forth above as if fully set forth herein.

51.     Vagnozzi's, Schirmer's and Smith's misrepresentation by omission concerned a material fact and Vagnozzi, Schirmer and Smith knew or should have known that their omission would have been relied upon by Nova Financial to its detriment.

52.     Nova Financial has suffered damages as a result of Vagnozzi's, Schirmer's and Smith's misrepresentation by omission, which include, among other things, defending Plaintiffs' claims.

WHEREFORE, third-party plaintiff Nova Financial Holdings, Inc. respectfully requests that judgment be entered in its favor and against third-party defendants Dean Vagnozzi, Thomas Schirmer, Marc Smith and Delaware Valley Financial Group, together with interest, costs of suit and such further relief as the Court deems just and proper.

## COUNT III – INDEMNIFICATION/CONTRIBUTION

### Nova Third-Party Plaintiffs v. Third-Party Defendants

53.     The Nova third-party plaintiffs incorporate the allegations set forth above as if fully set forth herein.

54.     On or about November 8, 2011, Plaintiffs filed an amended complaint against the Nova third-party plaintiffs.  The amended complaint purports to assert claims against the Nova third-party plaintiffs.

55.     If the Nova third-party plaintiffs are found wholly or partially liable to Plaintiffs on any claim set forth in the amended complaint against the Nova third-party plaintiffs (any liability on the part of the Nova third-party plaintiffs being specifically denied), then Vagnozzi, Schirmer, Smith and DVFG are solely liable to Plaintiffs, jointly and severally liable with the Nova third-party plaintiffs, or liable over to the Nova third-party plaintiffs for contribution and/or indemnity, together with interest, costs of suit and such further relief as the Court deems just and proper.

WHEREFORE, third-party plaintiffs Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group respectfully request that judgment be entered in their favor and against third-party defendants Dean Vagnozzi, Thomas Schirmer, Marc Smith and Delaware Valley Financial Group, together with interest, costs of suit and such further relief as the Court deems just and proper.

### COUNTERCLAIM OF NOVA FINANCIAL HOLDINGS, INC., NOVA BANK, BRIAN M. HARTLINE, EDWARD J. DIMARCANTONIO AND THE KEYSTONE EQUITIES GROUP AGAINST PLAINTIFF MARIA CACIA

### INTRODUCTION

1.     Defendants/counterclaim plaintiffs Nova Financial Holdings, Inc. ("Nova Financial"), Nova Bank, Brian M. Hartline ("Hartline"), Edward J. DiMarcantonio

("DiMarcantonio") and The Keystone Equities Group ("Keystone") (collectively, the "Nova counterclaim plaintiffs"), by and through their attorneys, and pursuant to Federal Rules of Civil Procedure 13(a), hereby assert the following counterclaim against plaintiff/counterclaim defendant Maria Cacia ("Cacia") for contribution and/or indemnification.

## PARTIES

2.      Counterclaim plaintiff Nova Financial is a Pennsylvania corporation and a registered bank holding company, having its principal place of business at 1235 Westlakes Drive, Suite 420, Berwyn, PA 19321.

3.      Counterclaim plaintiff Nova Bank is a Pennsylvania state chartered bank, with its principal place of business at 1235 Westlakes Drive, Suite 420, Berwyn, PA 19321.

4.      Counterclaim plaintiff Keystone is a Pennsylvania corporation, having its principal place of business at 1003 B Egypt Road, Oaks, PA 19456-1155.

5.      Counterclaim plaintiff Hartline is an adult individual and the President and CEO of Nova Financial, residing at 36 Windward Court, Collegeville, PA 19426.

6.      Counterclaim plaintiff DiMarcantonio is an adult individual and the Chairman of the Board of Directors of Nova Financial, residing at 528 Arbordale Road, Wayne, PA 19087.

7.      Counterclaim defendant Cacia is an adult individual and a Senior Vice President of Delaware Valley Financial Group ("DVFG"), residing at 415 Montgomery Avenue, Merion Station, Pennsylvania 19066.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the counterclaims in accordance with this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because Cacia resides within this district.

## FACTS

### I.     Background

10.     Nova counterclaim plaintiffs incorporate the averments in the preceding paragraphs of this counterclaim, answer, affirmative defenses and third-party claim.

11.     DVFG is a registered investment firm and broker-dealer that provides financial planning services, premium financing, insurance and business solutions to its clients.

12.     In 2007, Hartline was introduced to the Chairman of DVFG, Thomas Schirmer ("Schirmer"), and the President and CEO of DVFG, Marc Smith ("Smith").

13.     In late 2007, Schirmer and Smith approached Hartline about a potential merger of Nova Financial and DVFG.

14.     Schirmer and Smith convinced Hartline that a merger between DVFG and Nova Financial would benefit DVFG, Nova Financial and its investors.

15.     To raise capital for the proposed merger, in 2008, Nova Financial issued shares of Nova Financial's common stock in blocks of 5,000 shares pursuant to Rule 501 of Regulation D of the Securities Act of 1933.

16.     The offering materials, including the Private Placement Memorandum and subscription agreement, provided that the investor funds would be placed in an escrow account until Nova Financial accepted the subscriptions.

17.     The subscription agreement also stated that the investments were irrevocable.

18.     In an effort to ensure completion of the merger, Schirmer and Smith solicited several DVFG investors and referred them to Nova Financial for purchase of Nova Financial's common stock.

19.     Schirmer and Smith also requested that Cacia solicit DVFG investors to purchase Nova Financial's common stock.

II.   **Cacia Solicits Investors**

20.     As a result, Cacia, both individually and on behalf of DVFG, aggressively solicited certain Plaintiffs into investing in Nova Financial so that Nova Financial could raise its capitalization status and complete the merger.

21.     In July 2009, Schirmer and Smith terminated the negotiations over the Nova Financial/DVFG merger because Nova Financial did not receive regulatory approvals.

22.     As of July 2009, Nova Financial had not accepted any of Plaintiffs' subscriptions.

23.     Schirmer and Smith wanted Nova Financial and DVFG to continue discussions about a possible merger, even after the initial talks failed.

24.     On September 21, 2009, Schirmer, Smith, Dean Vagnozzi ("Vagnozzi"), an agent/broker for DVFG, and defendant Barry Bekkedam ("Bekkedam") met with the investors referred to Nova Financial by Vagnozzi, Schirmer and Smith, including Plaintiffs.

25.     Cacia, both individually and on behalf of DVFG, was also present at the September 21, 2009 meeting.

26.     While the Nova counterclaim plaintiffs deny that any false representations were made to Plaintiffs, if any false representations were made to Plaintiffs, they were made at the September 21, 2009 meeting where Vagnozzi, Schirmer and Smith, in conjunction with Bekkedam, falsely represented to the investors, including Plaintiffs, that Nova Financial would repurchase Plaintiffs' shares in the event that the merger did not close by March 31, 2010.

27.     These representations were made without Nova Financial's knowledge, approval or consent.

28.     After the September 21, 2009 meeting, Smith and Vagnozzi informed Hartline that Plaintiffs wanted their investments released from escrow.

29.     Neither Schirmer, Smith, Vagnozzi or Bekkedam informed Hartline, DiMarcantonio or any representative of Nova Financial that they had promised Plaintiffs that Nova Financial would repurchase their shares if the DVFG/Nova Financial merger did not close by March 31, 2010.

30.     In late September and October 2009, Hartline, on behalf of Nova Financial and, in reliance of the representations of Smith and Vagnozzi, accepted the subscriptions signed by Plaintiffs and Plaintiffs' investments were released from escrow.

31.     In November 2009, Nova Financial issued Plaintiffs their stock certificates.

32.     The DVFG/Nova Financial merger never closed.

33.     At all material times, Cacia, both individually and as Senior Vice President of DVFG, was aware of Schirmer's, Smith's and Vagnozzi's fraudulent misrepresentations relating to the DVFG merger and repurchase of Plaintiffs' shares.

34.     At all material times, Cacia, both individually and as Senior Vice President of DVFG, knew or should have known that the Nova counterclaim defendants were unaware of the fraudulent misrepresentations and were unaware that the Plaintiffs were promised that Nova Financial would repurchase their shares if the DVFG/Nova Financial merger did not close.

35.     Cacia never informed Plaintiffs or the Nova counterclaim plaintiffs of the false misrepresentations.

36.     The Plaintiffs initiated this action against the Nova counterclaim plaintiffs for, among other things, securities fraud, unjust enrichment, breach of contract, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

## COUNT I – INDEMNIFICATION/CONTRIBUTION

### Nova Counterclaim Plaintiffs v. Cacia

37.    The Nova counterclaim plaintiffs incorporate the averments in the preceding paragraphs of this counterclaim, answer, affirmative defenses and third-party claim.

38.    On or about November 8, 2011, plaintiffs Herbert Weiss, John Bendokas, Maria Cacia, Donald Curry, Brighton Management Group, LLC, Theodore Kilkuskie, Albert Neiberg, George Rymar, Joseph Schirmer and D.W.M. Incorporated (collectively, the "Plaintiffs") filed an amended complaint against the Nova counterclaim plaintiffs.  The amended complaint purports to assert claims against the Nova counterclaim plaintiffs.

39.    If the Nova counterclaim plaintiffs are found wholly or partially liable to Plaintiffs on any claim set forth in the amended complaint against the Nova counterclaim plaintiffs (any liability on the part of the Nova counterclaim plaintiffs being specifically denied), then Cacia is solely liable to Plaintiffs, jointly and severally liable with the Nova counterclaim plaintiffs, or liable over to the Nova counterclaim plaintiffs for contribution and/or indemnity, together with interest, costs of suit and such further relief as the Court deems just and proper.

WHEREFORE, the Nova counterclaim plaintiffs respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint, or in the alternative, if the Nova counterclaim plaintiffs are found liable to Plaintiffs, then the counterclaim defendant Maria Cacia be found jointly and severally liable and/or liable over to the Nova counterclaim plaintiffs, and that the Nova counterclaim plaintiffs be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

**COMMON LAW CROSS-CLAIM OF THE NOVA DEFENDANTS FOR
CONTRIBUTION AND/OR INDEMNIFICATION AGAINST DEFENDANTS
BARRY R. BEKKEDAM AND BALLAMOR CAPITAL MANAGEMENT**

Defendants, Nova Financial Holdings, Inc. ("Nova Financial"), Nova Bank, Brian M.

Hartline ("Hartline"), Edward J. DiMarcantonio ("DiMarcantonio") and The Keystone Equities

Group ("Keystone") (collectively, the "Nova Defendants"), by and through their attorneys, as

provided for in Federal Rule of Civil Procedure 13(g), hereby assert the following cross-claim at

common law against defendants, Barry R. Bekkedam ("Bekkedam") and Ballamor Capital

Management ("Ballamor") (collectively, the "cross-claim defendants"), and state as follows:

**COUNT I – INDEMNIFICATION/CONTRIBUTION**

**Nova Defendants v. Cross-Claim Defendants**

1.      The Nova Defendants incorporate the averments in the preceding paragraphs of

this answer, affirmative defenses, third-party claim and counterclaim.

2.      On or about November 8, 2011, plaintiffs Herbert Weiss, John Bendokas, Maria

Cacia, Donald Curry, Brighton Management Group, LLC, Theodore Kilkuskie, Albert Neiberg,

George Rymar, Joseph Schirmer and D.W.M. Incorporated (collectively, the "Plaintiffs") filed

an amended complaint against the Nova Defendants.  The amended complaint purports to assert

claims against the Nova Defendants.

3.      If the Nova Defendants are found wholly or partially liable to Plaintiffs on any

claim set forth in the amended complaint against the Nova Defendants (any liability on the part

of the Nova Defendants being specifically denied), then one or more of the cross-claim

defendants are solely liable to Plaintiffs, jointly and severally liable with the Nova Defendants,

or liable over to the Nova Defendants for contribution and/or indemnity, together with interest,

costs of suit and such further relief as the Court deems just and proper.

WHEREFORE, the Nova Defendants respectfully request that judgment be entered in their favor and against Plaintiffs on the claims in the amended complaint, or in the alternative, if the Nova Defendants are found liable to Plaintiffs, then the cross-claim defendants Barry R. Bekkedam and Ballamor Capital Management be found jointly and severally liable and/or liable over to the Nova Defendants, and that the Nova Defendants be awarded attorneys' fees, costs and such further relief as the Court deems just and proper.

## ANSWER TO ALL PAST, PRESENT, AND/OR FUTURE CROSS-CLAIMS

Nova Financial Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone Equities Group deny the allegations of any cross-claims which have been filed or are filed in the future against them by any party and demands that such cross-claims be dismissed.

Respectfully submitted,

_/s/ Amit Shah_____ ____
Michael Menkowitz, Esquire
Joshua Horn, Esquire (jh349)
Amit Shah, Esquire (as5028)
Ernest E. Badway, Esquire, *Pro Hac Vice*
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Phone: (215) 299-2000
Fax: (215) 299-2150
mmenkowitz@foxrothschild.com
jhorn@foxrothschild.com
ashah@foxrothschild.com
ebadway@foxrothschild.com

*Attorneys for Defendants*
*Nova Financial Holdings, Inc., Nova Bank,*
*Brian M. Hartline, Edward J. DiMarcantonio*
*and The Keystone Equities Group*

Dated:  August 29, 2012

48

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                                        :
HERBERT WEISS, JOHN BENDOKAS, MARIA       :
CACIA, DONALD CURRY, JOSEPH FORMAN,       :
THEODORE KILKUSKIE, ALBERT NEIBERG,       :
GEORGE RYMAR, JOSEPH SCHIRMER, and        :
BRIAN ZUBATCH,                            :   CIVIL ACTION
                                          :
                   Plaintiffs,            :
                                          :   NO. 2:11-cv-5336-EL
v.                                        :
                                          :
                                          :
NOVA FINANCIAL HOLDINGS, INC., NOVA       :
BANK, THE KEYSTONE EQUITIES GROUP,        :   ELECTRONICALLY FILED
BALLAMOR CAPITAL MANAGEMENT,              :
BARRY BEKKEDAM, BRIAN M. HARTLINE,        :
and EDWARD J. DIMARCANTONIO,              :
                                          :
                   Defendants.            :
_____   :
                                          :
NOVA FINANCIAL HOLDINGS, INC., NOVA       :
BANK, THE KEYSTONE EQUITIES GROUP,        :
BRIAN M. HARTLINE, and EDWARD J.          :
DIMARCANTONIO,                            :
                                          :
                   Third-Party Plaintiffs, :
                                          :
v.                                        :
                                          :
DELAWARE VALLEY FINANCIAL GROUP,          :
MARC SMITH, THOMAS SCHIRMER and           :
DEAN VAGNOZZI,                            :
                                          :
                   Third-Party Defendants. :
_____

**<u>CERTIFICATE OF SERVICE</u>**

     I, Amit Shah, Esquire, hereby certify that a true and correct copy of the foregoing answer

with affirmative defenses, third-party claim, counterclaim and cross-claim of Nova Financial

Holdings, Inc., Nova Bank, Brian M. Hartline, Edward J. DiMarcantonio and The Keystone

Equities Group to Plaintiffs' amended complaint was served this day, via ECF, upon the following:

<table>
<tr><td>

Keith E. Smith, Esquire<br>
Ryan N. Boland, Esquire<br>
Eckert Seamans Cherin & Mellott LLC<br>
Two Liberty Place<br>
50 South 16th Street, 22nd Floor<br>
Philadelphia, PA 19102-1909<br>
<br>
*Attorney for the Plaintiffs*

</td><td>

Matthew A. Taylor, Esquire<br>
Ryan E. Borneman, Esquire<br>
Duane Morris LLP<br>
30 South 17th Street<br>
Philadelphia, PA 19103<br>
<br>
*Attorneys for Defendants<br>
Barry Bekkedam and<br>
Ballamor Capital Management*

</td></tr>
</table>

_/s/ Amit Shah_____

Dated: August 29, 2012                Amit Shah, Esquire (as5028)