# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT WEISS, JOHN BENDOKAS, MARIA CACIA, DONALD CURRY, BRIGHTEN MANAGEMENT GROUP, LLC, THEODORE KILKUSKIE, ALBERT NEIBERG, GEORGE RYMAR, JOSEPH SCHIRMER, and D.W.M. INCORPORATED. | : : : : : : CIVIL ACTION NO. 11-cv-05336 : |
| Plaintiffs. | : : |
| v. | : : JURY TRIAL DEMANDED |
| NOVA FINANCIAL HOLDINGS, INC., NOVA BANK, THE KEYSTONE EQUITIES GROUP, BALLAMOR CAPITAL MANAGEMENT, BARRY R. BEKKEDAM, BRIAN. M HARTLINE, and EDWARD J. DIMARCANTONIO. | : : : : : |
| Defendants. | : : |
| BALLAMOR CAPITAL MANAGEMENT, and BARRY R. BEKKEDAM | : : |
| Third-Party Plaintiffs, | : : |
| v. | : : |
| DEAN VAGNOZZI, DELAWARE VALLEY FINANCIAL GROUP, LLC, MARC H. SMITH, and THOMAS SCHIRMER | : : : |
| Third-Party Defendants. | : : |

## ANSWER OF BALLAMOR CAPITAL DEFENDANTS TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, CROSS-CLAIM AND THIRD-PARTY COMPLAINT

Defendants Ballamor Capital Management ("*Ballamor*") and Barry R. Bekkedam

(collectively, "*Ballamor Capital Defendants*"), by and through their undersigned counsel,

answer the Amended Complaint ("*Complaint*") of Plaintiffs Herbert Weiss, John Bendokas,

Maria Cacia, Donald Curry, Brighten Management Group, LLC, Theodore Kilkuskie, Albert

Neiberg, George Rymar, Joseph Schirmer and D.W.M. Incorporated (collectively, the "***Plaintiffs***") as follows:

## PARTIES

1. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

2. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

3. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

4. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

5. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

6. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

7. Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

DM1\3484947.1

8.      Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

9.      Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

10.      Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

11.      Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

12.      Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

13.      Denied.  Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

14.      Denied.  Ballamor Capital Defendants admit only that Ballamor was a Pennsylvania corporation and a registered investment advisor.  Ballamor is now a defunct entity with no assets or employees.  At all relevant times, Ballamor's address was 555 East Lancaster Avenue, Radnor, Pa.  19087.  Ballamor Capital Defendants specifically deny that Ballamor acted as a stock promoter on behalf of NOVA in 2008-2009.

3

15. Denied. Ballamor Capital Defendants specifically deny that Bekkedam acted as a stock promoter on behalf of NOVA in 2008-2009. The remaining allegations in this paragraph of Plaintiffs' Complaint are admitted.

16. Denied. Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

17. Denied. Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

## JURISDICTION AND VENUE

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

## FACTUAL ALLEGATIONS

22. Denied. Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

23. Denied. Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied. The Ballamor Capital Defendants specifically deny that Ballamor or Bekkedam acted as stock promoters to sell NOVA's common stock.

DM1\3484947.1

24.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

25.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

26.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

27.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

28.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam promised that Plaintiffs' funds would be held in escrow until the merger was complete.

29.     Denied.  Plaintiffs' quotation of Ex. A appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to

DM1\3484947.1

form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

30.     Denied.  Plaintiffs' quotation of Ex. A appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

31.     Denied.  Plaintiffs' quotation of Ex. A appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

32.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

33.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

34.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or

DM1\3484947.1

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

35.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  Ballamor Capital Defendants specifically deny that Bekkedam was acting on the behalf of NOVA or that he solicited the Plaintiffs to purchase common stock in NOVA.

36.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  Ballamor Capital Defendants specifically deny that Bekkedam was acting on the behalf of NOVA.

37.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

38.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam promised that the Offering was contingent on the merger closing.

39.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

40.     Denied.  Plaintiffs' quotation of Ex. D appears to be reasonably correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for

themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

41.     Denied.  Plaintiffs' quotation of Ex. E appears to be reasonably correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

42.     Denied.  Exhibit F is not a September 24, 2008 letter from Plaintiff Curry.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

43.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam promised that Plaintiffs' investment was contingent on the merger closing.

44.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

DM1\3484947.1

45.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

46.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

47.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

48.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

49.     Denied.  Plaintiffs' quotation of Ex. B appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

50.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or

DM1\3484947.1

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

51.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

52.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

53.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

54.     Denied.  Plaintiffs' quotation of Ex. B appears to be reasonably correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

55.     Denied.  Plaintiffs' quotation of Ex. B appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

DM1\3484947.1

56.     Denied.  Plaintiffs' quotation of Ex. B appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

57.     Denied.  Plaintiffs' quotation of Ex. B appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

58.     Denied.  Plaintiffs' quotation of Ex. B appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

59.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

60.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

DM1\3484947.1

61.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

62.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

63.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

64.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

65.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

66.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants are

otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

67.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

68.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  Ballamor Capital Defendants specifically deny that they made numerous false statements to the Plaintiffs.

69.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

70.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

71.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam represented to Plaintiffs that the Plaintiffs' funds would be returned if the merger did not happen.

72.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

73.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam represented that Plaintiffs' funds was contingent on the merger closing.

74.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

75.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

76.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

77.     Denied.  Plaintiffs' quotation of Ex. A appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to

14

form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

78.     Denied.  Plaintiffs' quotation of Ex. A appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

79.     Denied.  Plaintiffs' quotation of Ex. A appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

80.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

81.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

82.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or

DM1\3484947.1

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

83.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

84.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

85.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam engaged in illegal self-dealing.

86.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

87.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam personally benefitted from any fraudulent conduct.

88.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs'

16

Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam engaged in illegal self-dealing.

89.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Defendants conspired to release the Plaintiffs' funds from escrow.

90.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

91.     Denied.  The Ballamor Capital Defendants admit only that Bekkedam attended a meeting on September 21, 2009 at DVFG's office.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

92.     Denied.  The Ballamor Capital Defendants specifically deny that, at the September 21, 2009 meeting, Bekkedam made the statements alleged in this paragraph of Plaintiffs' Complaint.

93.     Denied.  The Ballamor Capital Defendants specifically deny that Bekkedam personally ensured that each Plaintiff would receive their money back with interest if the merger did not close.

94.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

95.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Barry Bekkedam personally ensured that each Plaintiff would receive their money back with interest if the merger did not close.

96.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

97.     Denied.  Plaintiffs' quotation of Ex. G appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Barry Bekkedam dramatically changed his position in the letter dated September 24, 2009.

98.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

99.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or

DM1\3484947.1

information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

100.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

101.    Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

102.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam agreed to return the Plaintiffs' money if the merger did not close by March 31, 2010.

103.    Denied.  Plaintiffs' quotation of Ex. G appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

104.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

105.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

106.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

107.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam was engaged in illegal self-dealing.

108.    Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

109.    Admitted.

110.    Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

111.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

DM1\3484947.1

112.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

113.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

114.    Denied.  The Ballamor Capital Defendants specifically deny that any of the Plaintiffs asked to have their stock purchased.

115.    Denied.  The Ballamor Capital Defendants specifically deny that Bekkedam knew any recommended investment was a ponzi scheme.  The remaining allegations in this paragraph of Plaintiffs' Complaint are admitted.

116.    Denied.  The Ballamor Capital Defendants specifically deny that Bekkedam attempted to sell his customer list to a third party.  The remaining allegations in this paragraph of Plaintiffs' Complaint are admitted.

117.    Denied.  The Ballamor Capital Defendants specifically deny any implication that they had any duty to repurchase Plaintiffs' shares and further specifically deny that that any of the Plaintiffs asked to have their stock purchased.

118.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

119.    Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

DM1\3484947.1

120.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

121.     Denied.  The Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

## COUNT ONE:
## Fraud In Connection With The Purchase or Sale of Securities

122.     The Ballamor Capital Defendants incorporate the above paragraphs.

123.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

124.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

125.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

126.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## COUNT TWO:
## Fraudulent or Negligent Misrepresentation

127.     The Ballamor Capital Defendants incorporate the above paragraphs.

128.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

129.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

130.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

131.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

132.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

133.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

134.     Denied.  Plaintiffs' quotation of Ex. A (not G) appears to be correct, however, the allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.

135.     Denied.  The allegations in this paragraph of Plaintiffs' Complaint refer to documents that speak for themselves and the Ballamor Capital Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters alleged in this paragraph of Plaintiffs' Complaint, and they are denied.  The Ballamor Capital Defendants specifically deny that Bekkedam represented to Plaintiffs that the Plaintiffs' funds would be returned if the merger did not happen or otherwise made misrepresentations related to the Offering Materials.

136.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

137.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

138.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

139.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

140.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

141.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

142.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

143.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

144.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

### COUNT THREE:
### Pennsylvania Securities Act of 1972 Part IV
### Section 1-401 Sales And Purchases

145.    The Ballamor Capital Defendants incorporate the above paragraphs.

146.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

147.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

148.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

149.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

150.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

151.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## COUNT FOUR:
## Control Person Liability Under Sec. 20(a) of the Exchange Act

152.    The Ballamor Capital Defendants incorporate the above paragraphs.

153.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

154.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

155.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

156.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

157.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

158.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

159.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## COUNT FIVE:
### The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL")

160.    The Ballamor Capital Defendants incorporate the above paragraphs.

161.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

162.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

163.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

164.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

165.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

166.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

167.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

168.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## COUNT SIX:
## Breach Of Contract

169.    The Ballamor Capital Defendants incorporate the above paragraphs.

170.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

171.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

172.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

173.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

174.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

175.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

176.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

177.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

178.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

179.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

180.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

181.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

182.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## COUNT SEVEN:
## Unjust Enrichment

183.    The Ballamor Capital Defendants incorporate the above paragraphs.

184.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

185.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

186.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

187.    Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

DM1\3484947.1

188.     Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

189.     Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

190.     Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

191.     Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

192.     Denied.  The allegations in this paragraph are not directed to the Ballamor Capital Defendants and no response is necessary or required.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## COUNT EIGHT:
### Civil Conspiracy

193.     The Ballamor Capital Defendants incorporate the above paragraphs.

194.     Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

DM1\3484947.1

195.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

196.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

197.    Denied.  This paragraph of Plaintiffs' Complaint contains conclusions of law to which no responsive pleading is required.

WHEREFORE, the Ballamor Capital Defendants respectfully request that this Honorable Court enter judgment in its favor and against Plaintiffs, together with all reasonable costs, attorneys' fees, and such other relief as is deemed equitable and just.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the allegations of Plaintiffs' Amended Complaint, Defendants Ballamor Capital Management ("**Ballamor**") and Barry R. Bekkedam (collectively, "**Ballamor Capital Defendants**") state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim in whole or in part upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiffs were caused by Plaintiffs own conduct or own contributory and/or comparative negligence or that of a co-defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to take reasonable steps and mitigate the damages alleged in the Complaint.

DM1\3484947.1

## FOURTH AFFIRMATIVE DEFENSE

At all material times, Bekkedam was acting on behalf of Ballamor and not in any individual capacity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations or doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' tort claims are barred by the gist of the action doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from bringing their claims in light of the unambiguous and fully integrated Offering Materials.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs knew or should have known, and was aware or should have been aware, of the risks and possible rewards associated with investing, and Plaintiffs voluntarily chose to assume those risks in an attempt to achieve certain results.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' actions and/or inactions constitute a ratification of all complained of activity and, therefore, Plaintiffs have waived all claims thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from bringing claims by the doctrines of estoppel and/or laches.

DM1\3484947.1

**TWELFTH AFFIRMATIVE DEFENSE**

Any alleged losses that may have occurred were the direct result of conditions and other factors, and/or as a result of other persons and/or entities, beyond the control of the Ballamor Capital Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any claims Plaintiffs may have under any theory against the Ballamor Capital Defendants are barred because Plaintiffs had full access and ability to inquire, failed to exercise due diligence or reasonable care, knew, or in the exercise of the required degree of care and due diligence, should have known of the existence of those matters alleged to constitute the basis for the asserted claims.

**BALLAMOR CAPITAL DEFENDANTS' CROSS-CLAIMS
AND THIRD-PARTY COMPLAINT FOR CONTRIBUTION AND/OR INDEMNITY**

By way of cross-claim and third-party complaint, Defendants Ballamor Capital Management ("*Ballamor*") and Barry R. Bekkedam (collectively, "*Ballamor Capital Defendants*") hereby allege the following:

1.     The Ballamor Capital Defendants incorporate the foregoing paragraphs.

2.     If Plaintiffs suffered any injuries or damages as alleged, said damages being specifically and expressly denied, said injuries and damages were caused solely by the negligence, carelessness and/or acts/omissions of Co-Defendants NOVA Financial Holdings, Inc., ("*NOVA*"), NOVA Bank, The Keystone Equities Group ("*Keystone*"), Brian M. Hartline ("*Hartline*") and Edward J. DiMarcantonio ("*DiMarcantonio*") who are solely liable, or jointly and/or severally liable, to the Ballamor Capital Defendants.

33

3.      While denying any liability, Ballamor Capital Defendants assert that if they are found to be liable in this action, their liability is secondary, vicarious and imputed and that the primary liability is that of Co-Defendants NOVA, NOVA Bank, Keystone, Hartline and DiMarcantonio.

4.      Third-party defendant Dean Vagnozzi ("**Vagnozzi**") is an adult individual residing at 114 Ithan Lane, Collegeville, PA  19426.

5.      Third-party defendant Delaware Valley Financial Group, LLC ("**DVFG**") is a Pennsylvania company located at 1021 W. 8th Ave, King of Prussia, PA  19406.

6.      Third-party defendant Marc H. Smith ("**Smith**") is an adult individual residing at 1483 Welsh Road, Huntingdon Valley, Pennsylvania.

7.      Third-party defendant Thomas Schirmer ("**Schirmer**") is an adult individual residing at 1219 Denbigh Lane, Radnor, PA 19087, Pennsylvania.

8.      For purposes of a potential merger between NOVA and DVFG, Vagnozzi acted as an unregistered broker/dealer in connection with the offering of Nova Securities to the Plaintiffs.

9.      Smith and Schirmer are founders and principals of DVFG.

10.     All of the Plaintiffs were customers, employees, clients, friends or family of Vagnozzi, DVFG, Smith, and/or Schirmer.  None of the Plaintiffs were clients of Ballamor.

11.     Vagnozzi, DVFG, Smith and/or Schirmer solicited the Plaintiffs to invest into NOVA.

12.     At some point in late 2009, Brian M. Hartline ("**Hartline**"), on behalf of NOVA, asked Vagnozzi whether Plaintiffs wanted their funds, still being held in escrow, to be refunded or whether they wanted to invest into NOVA according to the terms of the signed offering materials notwithstanding that the potential merger between NOVA and DVFG would not occur.

13.     Vagnozzi identified at least one or two potential investors who wanted their funds refunded.  Per those potential investors' requests, NOVA released from escrow the funds to those potential investors.

14.     Vagnozzi told NOVA that the remaining potential investors wanted to invest into NOVA notwithstanding the fact that the potential merger would not occur.  NOVA accepted the funds and issued stock certificates to these investors, including the Plaintiffs.

15.     When the funds were released from escrow, Vagnozzi was compensated by NOVA as a "finder" notwithstanding the fact that his participation in the offering exceeded that which is permitted for a finder under applicable law.

16.     The Ballamor Capital Defendants did not receive any compensation with respect to Plaintiffs' investment into NOVA.

17.     If Plaintiff suffered any injuries or damages as alleged, said damages being specifically and expressly denied, said injuries and damages were caused solely by the negligence, carelessness and/or acts/omissions of third-party defendants Vagnozzi, DVFG, Smith and Schirmer who are solely liable, or jointly and/or severally liable, to the Ballamor Capital Defendants.

18.     While denying any liability, Ballamor Capital Defendants assert that if they are found to be liable in this action, their liability is secondary, vicarious and imputed and that the primary liability is that of third-party defendants Vagnozzi, DVFG, Smith and Schirmer.

WHEREFORE, the Ballamor Capital Defendants respectfully request this Honorable Court grant the following relief:

(a)     Enter a judgment of sole liability against NOVA, NOVA Bank, Keystone, Hartline, DiMarcantonio, Vagnozzi, DVFG, Smith and Schirmer;

(b)      Or, in the alternative, find NOVA, NOVA Bank, Keystone, Hartline, DiMarcantonio Vagnozzi, DVFG, Smith and Schirmer jointly or severally liable;

(c)      Or, in the alternative, find NOVA, NOVA Bank, Keystone, Hartline, DiMarcantonio Vagnozzi, DVFG, Smith and Schirmer liable over to the Ballamor Capital Defendants for contribution and/or indemnity, and liability on the part of the Ballamor Capital Defendants being expressly denied;

(d)      Award the Ballamor Capital Defendants their reasonable attorneys' fees and costs; and

(e)      Award such other relief as this Honorable Court deems appropriate.

## ANSWER TO ALL CROSS-CLAIMS

By way of answer to any and all cross-claims heretofore and hereafter asserted against them, the Ballamor Capital Defendants deny each and every allegation contained in such cross-claims.

Respectfully Submitted,

DUANE MORRIS LLP


BY:    /s/ Ryan E. Borneman
Matthew A. Taylor (62098)
Ryan E. Borneman (203540)
30 South 17th Street
Date:  August 29, 2012          Philadelphia, PA  19103
(215) 979-1000
MATaylor@duanemorris.com
REBorneman@duanemorris.com

DM1\3484947.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of August, 2012, I caused a true and correct copy of the foregoing Answer of Ballamor Capital Defendants to Amended Complaint, Affirmative Defenses, Cross-Claim and Third-Party Complaint to be served via electronic filing upon the following:

> Keith E. Smith, Esquire
> Eckert Seamans Cherin & Mellott, LLC
> Two Liberty Place
> 50 South 16th Street, 22nd Floor
> Philadelphia, PA 19102-1909
>
> *Attorneys for Plaintiff*
>
> Michael Menkowitz, Esquire
> Joshua Horn, Esquire
> Amit Shah, Esquire
> FOX ROTHSCHILD LLP
> 2000 Market Street, 20th Floor
> Philadelphia, PA 19103
>
> *Attorneys for Defendants Nova Financial Holdings, Inc., Nova Bank, The Keystone Equities Group, Brian M. Hartline, and Edward J. DiMarcantonio*

> /s/ Ryan E. Borneman
> Ryan E. Borneman