IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT WEISS, et al. | : CIVIL ACTION |
| Plaintiffs, | : 2:11-cv-05336 |
| v. | : |
| NOVA FINANCIAL HOLDINGS, INC., et al. | : JURY TRIAL DEMANDED |
| Defendants. | : |
| v. | : |
| DEAN VAGNOZZI, et al. | : |
| Third-Party Defendants. | : |

**ANSWER OF DEAN VAGNOZZI TO BALLAMOR CAPITAL DEFENDANTS' CROSSCLAIMS AND THIRD-PARTY COMPLAINT FOR CONTRIBUTION AND/OR INDEMNITY**

Dean Vagnozzi, for his Answer to the Crossclaim and Third-Party Complaint of defendants Ballamor Capital Management and Barry R. Bekkedam hereby states as follows:

1.  Vagnozzi incorporates by reference as though fully set forth at length herein each and every one of his allegations set forth in the Amended Complaint.

2.  Denied. Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2. By way of further answer, all the defendants named in Vagnozzi's Amended Complaint, including Ballamor Capital Management and Barry R. Bekkedam, are jointly and severally liable for all damages caused to Vagnozzi for the reasons set forth in the Amended Complaint.

3. Denied. Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3. By way of further answer, all the defendants named in Vagnozzi's Amended Complaint, including Ballamor Capital Management and Barry R. Bekkedam, are jointly and severally liable for all damages caused to Vagnozzi for the reasons set forth in the Amended Complaint.

4. Admitted.

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

8. Denied.

9. Admitted.

10. Admitted in part; denied in part. Vagnozzi admits that most, if not all, of the Weiss and Hisey plaintiffs were customers, employees, clients, friends, or family of Vagnozzi, DVFG, Smith and/or Schirmer. Vagnozzi denies the remaining allegations set forth in paragraph 10 because Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Denied.

12. Admitted in part; denied in part. Vagnozzi admits only that he contacted Nova through DVFG in late 2009 and asked whether or not some of the potential investors could have their money returned. Vagnozzi denies the remaining averments set forth in paragraph 12. By way of further answer, at all times, Vagnozzi was led to believe by Hartline and Bekkedam that (a) all the remaining investors who did not ask for their money back would still have the right to get their money back later if the DVFG merger did not go through; (b) there was still a

reasonable chance that the merger would go through and, (c) in the event the merger did not go through by March 31, 2010, Bekkedam who represented to Vagnozzi and the other plaintiffs that he "owned" or "controlled" the bank or at a minimum was authorized to speak for the bank, would find new investors to buy back the plaintiffs' shares or would buy back the shares himself. At all times, Vagnozzi made it clear to Hartline and Bekkedam that all the Hisey plaintiffs wished to invest only if their investment was in a jointly-merged entity consisting of both Nova Bank and DVFG.

13.     Admitted in part; denied in part. Vagnozzi admits that he contacted Nova through DVFG to refund the money of two potential investors and that their money was refunded. By way of further answer, at all times, Vagnozzi was led to believe by Hartline and Bekkedam that (a) all the remaining investors who did not ask for their money back would still have the right to get their money back later if the merger did not go through; (b) there were still a reasonable chance that the merger would go through and, (c) in the event the merger did not go through by March 31, 2010, Bekkedam, who represented to Vagnozzi and the other plaintiffs that he "owned" or "controlled" the bank but at a minimum was authorized to speak for the bank, would find new investors to buy back the plaintiffs' shares or would buy back the shares himself. At all times, Vagnozzi made it clear to Hartline and Bekkedam that all the Hisey plaintiffs wished to invest only if their investment was in a jointly-merged entity consisting of both Nova Bank and DVFG.

14.     Admitted in part; denied in part. Vagnozzi denies the allegations set forth in the first sentence of paragraph 14. Vagnozzi admits the allegations set forth in the second sentence of paragraph 14.

15. Admitted in part; denied in part. Vagnozzi admits that he was compensated by Nova and that his compensation consisted of Nova stock, not cash. Vagnozzi denies the remaining allegations set forth in paragraph 15. By way of further answer, Vagnozzi's willingness to accept his compensation in Nova stock was proper and was agreed to by Vagnozzi because he believed (a) all the remaining investors who did not ask for their money back would <u>still</u> have the right to get their money back later if the merger did not go through; (b) there were still a reasonable chance that the merger <u>would</u> go through and, (c) in the event the merger did not go through by March 31, 2010, Bekkedam who represented to Vagnozzi and the other plaintiffs that he "owned" or "controlled" the bank or at a minimum was authorized to speak for the bank, would find new investors or buy back the plaintiffs' shares or would buy back the shares himself. At all times, Vagnozzi made it clear to Hartline and Bekkedam that all the <u>Hisey</u> plaintiffs wished to invest only if their investment was in a jointly-merged entity consistent of <u>both</u> Nova Bank and DVFG.

16. Denied.

17. Denied.

18. Denied.

### FIRST AFFIRMATIVE DEFENSE

19. The Crossclaims and Third-Party Complaint for contribution and/or indemnity of defendants Ballamor Capital Management and Barry R. Bekkedam fails to state claims upon which relief can be granted against Dean Vagnozzi.

### SECOND AFFIRMATIVE DEFENSE

20. Ballamor Capital Management and Barry R. Bekkedam have unclean hands.

-5-

**THIRD AFFIRMATIVE DEFENSE**

21. All the crossclaims in the Third-Party Complaint of Ballamor Capital Management and Barry R. Bekkedam are subject to the doctrines of recoupment and set off.

WHEREFORE, Dean Vagnozzi demands that judgment be entered in favor of Dean Vagnozzi and against Ballamor Capital Management and Barry R. Bekkedam and the Vagnozzi be ordered all the relief demanded in his Complaint in the case of <u>C. Scott Hisey, et al. v. Nova Financial Holdings, Inc., et al.</u>, Civil Action No. 11-2604 (EL) (U.S.D.C. E.D. PA.).

                                    Respectfully submitted,

                                    WHITE AND WILLIAMS LLP


                              BY:_____s/Michael N. Onufrak_____
                                    Michael N. Onufrak
                                    Justin E. Proper
                                    1650 Market Street | One Liberty Place, Suite 1800 |
                                    Philadelphia, PA  19103-7395
                                    Phone: 215.864.7174/7165
                                    Attorneys for Third Party Defendant, Dean Vagnozzi

Dated:  October 24, 2012

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2012, I caused a true and correct copy of the foregoing Answer to Counterclaim to be served via electronic filing upon the following:

> Ryan E. Borneman, Esquire
> Matthew Taylor, Esquire
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA 19103
>
> Ernest Badway, Esquire
> Amit Shah, Esquire
> Fox Rothschild LLP
> 2000 Market Street, 20th Floor
> Philadelphia, PA  19103
>
> Allan Fellhermer, Esquire
> Fellhermer & Eichen, LP
> Two Liberty Place
> 50 South 16th Street, 34th floor
> Philadelphia, PA 19102
>
> Keith E. Smith, Esquire
> Eckert, Seamans, Cherin, & Mellott, LLC
> Two Liberty Place
> 50 South 16th Street, 22nd Floor
> Philadelphia, PA  19102

                                                                s/ Michael N. Onufrak
                                                                Michael N. Onufrak