IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT WEISS, et al. | CIVIL ACTION |
| Plaintiffs, | 2:11-cv-05336 |
| v. | JURY TRIAL DEMANDED |
| NOVA FINANCIAL HOLDINGS, INC., et al. | |
| Defendants. | |
| v. | |
| DEAN VAGNOZZI, et al. | |
| Third-Party Defendants. | |

**ANSWER OF DEAN VAGNOZZI TO THIRD PARTY COMPLAINT OF
NOVA FINANCIAL HOLDINGS, INC., BRIAN M. HARTLINE AND
THE KEYSTONE EQUITIES GROUP**

Dean Vagnozzi, for his answer to the Third Party Complaint of Nova Financial Holdings, Inc., et al. hereby states as follows:

**INTRODUCTION**

1.     Admitted in part; denied in part.  Vagnozzi admits that Nova Financial Holdings, Inc., Brian M. Hartline and the Keystone Equities Group purport to bring the claims set forth in the Third Party Complaint.  By way of further answer Vagnozzi denies the substance of all those claims and allegations.

**PARTIES**

2.     Admitted.

3.     Admitted.

4.     Admitted.

10120064v.1

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted.

8. Admitted, upon information and belief.

9. Admitted, upon information and belief.

10. Admitted in part; denied in part. Vagnozzi admits that he is an adult individual residing at 114 Ithan Lane, Collegeville, PA 19426. Vagnozzi denies the remaining averments set forth in paragraph 5.

## JURISDICTION AND VENUE

11. Admitted.

12. Admitted.

## ALLEGED FACTS

### I. BACKGROUND

13. Vagnozzi incorporates by reference as though fully set forth at length herein all the allegations set forth in the Amended Complaint.

14. Admitted.

15. Admitted in part; denied in part. Vagnozzi admits that at some point Hartline was introduced to DVFG, Schirmer and Smith. Vagnozzi denies the remaining averments set forth in paragraph 15.

16. Admitted in part; denied in part. Vagnozzi admits that at some point merger discussions began between Nova and DVFG. Vagnozzi denies the remaining allegations set forth in paragraph 16.

17. Denied. Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in paragraph 17.

18.   Admitted.

19.   Denied as stated.  The Private Placement Memorandum and Subscription Agreement are documents in writing that speaks for themselves.

20.   Denied as stated.  The Subscription Agreement is a document in writing that speaks for itself.

21.   Admitted.

## II.   VAGNOZZI, SMITH AND SCHIRMER ALLEGEDLY SOLICIT INVESTORS

22.   Admitted.

23.   Denied.

24.   Admitted in part; denied in part.  Vagnozzi admits that Hartline attended several meetings.  Vagnozzi denies the remaining allegations set forth in paragraph 24.  By way of further answer, Hartline as well as Bekkedam, solicited the investors to invest in Nova.  Hartline did not merely provide "background information on Nova."

25.   Admitted in part; denied in part.  Vagnozzi admits only that he introduced all of the plaintiffs in the Hisey, but not Weiss case, to Hartline and Bekkedam.  Vagnozzi denies the remaining averments set forth in paragraph 25.  By way of further answer, all of the plaintiffs, as well as Vagnozzi himself, were induced to invest in the bank by Hartline and Bekkedam.

26.   Admitted in part; denied in part.  Vagnozzi admits the plaintiffs purchased Nova stock.  Vagnozzi denies the remaining averments in paragraph 26.

## III.   ALLEGED MISREPRESENTATIONS OF VAGNOZZI, SMITH AND SCHIRMER

27.   Denied.  Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the averments set forth in paragraph 27.

28.   Admitted.

29. Denied. Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in paragraph 29.

30. Admitted.

31. Denied. Vagnozzi lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the averments set forth in paragraph 31.

32. Admitted. By way of further answer, Hartline also attended the meeting.

33. Denied.

34. Denied. By way of further answer, Nova was well aware that Bekkedam, not any of the others, specifically represented that Bekkedam, speaking on behalf of the bank, would buy back the stock if the merger did not close by March 31, 2010.

35. Denied.

36. Denied. By way of further answer, the bank and Hartline were well aware of Bekkedam's representations.

37. Admitted in part; denied in part. Vagnozzi admits only that Nova after September 21, 2009 accepted the subscriptions, took plaintiffs' money from escrow, and issued stock to plaintiffs. Vagnozzi denies the remaining averments set forth in paragraph 31.

38. Denied.

39. Admitted.

40. Admitted.

### COUNT ONE -- ALLEGED FRAUDULENT MISREPRESENTATION
### NOVA v. THIRD PARTY DEFENDANTS

41. Vagnozzi incorporates by reference as though fully set forth at length herein all the allegations set forth in the Amended Complaint and his responses to paragraphs 1 through 40 above.

-5-

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, Vagnozzi demands that judgment be entered in favor of Vagnozzi that Vagnozzi be granted the relief demanded in his Amended Complaint.

### COUNT TWO -- ALLEGED MISREPRESENTATION
### NOVA v. THIRD PARTY DEFENDANT

50. Vagnozzi incorporates by reference as though fully set forth at length herein all the allegations in the Amended Complaint and his responses to paragraphs 1 through 49 above.

51. Denied.

52. Denied.

WHEREFORE, Vagnozzi demands that judgment be entered in favor of Vagnozzi and that Vagnozzi be granted the relief demanded in the Amended Complaint.

### COUNT THREE -- INDEMNIFICATION/CONTRIBUTION
### NOVA v. THIRD PARTY DEFENDANTS

53. Vagnozzi incorporates by reference as though fully set forth at length herein all the allegations in the Amended Complaint and his responses to paragraphs 1 through 52 above.

54. Admitted.

55. Denied.

WHEREFORE, Vagnozzi demands that judgment be entered in favor of Vagnozzi and that Vagnozzi be granted the relief demanded in his Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Third Party Complaint of Nova, et al. against Vagnozzi fails to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Third Party Plaintiffs have has unclean hands.

### THIRD AFFIRMATIVE DEFENSE

All Third Party Plaintiffs' claims are subject to the doctrines of recoupment and set off.

### FOURTH AFFIRMATIVE DEFENSE

Vagnozzi had nothing to do with introducing any of the Weiss plaintiffs to Nova.

WHEREFORE, Vagnozzi demands that judgment be entered in favor of Vagnozzi and against Third Party Plaintiffs..

    Respectfully submitted

    WHITE AND WILLIAMS LLP

    BY:   s/Michael N. Onufrak
         Michael N. Onufrak
         Justin E. Proper
         1650 Market Street | One Liberty Place, Suite 1800 |
         Philadelphia, PA  19103-7395
         Phone: 215.864.7174
         Attorneys for Dean Vagnozzi

Dated:  October 24, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2012, I caused a true and correct copy of the foregoing Answer to Counterclaim to be served via electronic filing upon the following:

>Ryan E. Borneman, Esquire
>Matthew Taylor, Esquire
>Duane Morris LLP
>30 South 17th Street
>Philadelphia, PA 19103
>
>Ernest Badway, Esquire
>Amit Shah, Esquire
>Fox Rothschild LLP
>2000 Market Street, 20th Floor
>Philadelphia, PA  19103
>
>Allan Fellhermer, Esquire
>Fellhermer & Eichen, LP
>Two Liberty Place
>50 South 16th Street, 34th floor
>Philadelphia, PA 19102
>
>Keith E. Smith, Esquire
>Eckert, Seamans, Cherin, & Mellott, LLC
>Two Liberty Place
>50 South 16th Street, 22nd Floor
>Philadelphia, PA  19102

>               s/ Michael N. Onufrak
>          Michael N. Onufrak

10120064v.1